Mark Bhuptani (NY 5926183)
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Ave., NW, Suite 1000
Washington, D.C. 20006
(202) 378-9310
Mark.Bhuptani@huschblackwell.com

J. Aron Carnahan (IL 6242642)
**HUSCH BLACKWELL LLP**
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
aron.carnahan@huschblackwell.com
*(Pro hac vice application forthcoming)*

 Attorneys for Plaintiff Ty Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TY Inc., <br><br> Plaintiff, <br> v. <br><br> Jiangsu Holly Everlasting Inc. <br> Defendant. | Case No.  1:26-cv-1290 <br><br> COMPLAINT FOR PATENT INFRINGEMENT <br><br> JURY TRIAL DEMANDED |

Plaintiff Ty Inc. ("Plaintiff" or "Ty") brings this action against defendant Jiangsu Holly Everlasting Inc. ("Defendant") for patent infringement under Title 35, United States Code, Section 271.

## I.     NATURE OF THE ACTION

1.     This action is premised in liability arising from patent infringement under 35 U.S.C. § 271. Defendant has imported, sold and/or offered for sale products in this District at the New York Toy Fair that infringe Ty's patent rights.

2.     Ty has suffered and will continue to suffer substantial damages and irreparable harm as a result of Defendant's infringement of Ty's patent rights. Ty comes to this Court seeking injunctive relief requiring Defendant to refrain from infringing Ty's patent rights. Ty also seeks monetary damages for amounts due as a result of Defendant's infringing conduct and other harms.

## II.    THE PARTIES

3.     Ty is a Delaware Corporation with its principal place of business in Westmont, Illinois. Ty is a leading designer and manufacturer of plush toys and collectibles, and sells its products throughout the world.

4.     Defendant is a company organized under the laws of China, with a principal place of business at Holly Building,50 Zhonghua Road, Nanjing 210001,China.  Defendant currently manufactures, distributes and sells plush toys, including bouncy plush toys intended to directly compete with Ty's Beanie Bouncers products.

5.     Defendant has agents and employees present at the 2026 New York Toy Fair at the Javits Center, 429 11th Avenue, New York, NY, 10001, which employees and agents are advertising, selling, offering for sale, and have and will import bouncing plush products that infringe Ty's patent as further described below.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. In addition, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(2) because the dispute at issue is between a citizen of Illinois and citizens of a foreign state and the amount in controversy exceeds $75,000. Every issue of law and fact is wholly between citizens of different states. Additionally, because the claims in this action arise under the patent laws of the United States, Title 35 of the United States Code, this Court has exclusive subject matter jurisdiction over the patent infringement claims herein under 28 U.S.C. §§ 1331 and 1338(a). Moreover, Defendant has traveled to this jurisdiction on business related to the subject matter of Ty's claims against it, including its infringement of Ty's patent rights, as further pleaded below.

8. Furthermore, this Court has personal jurisdiction over Defendant because Defendant is a foreign entity that has committed, and continues to commit, acts within this District that give rise to the patent infringement claims in this suit, including importing, using, offering to sell, and/or selling infringing products such as those identified in this Complaint at the 2026 New York Toy Fair. Defendant has purposefully directed activities at residents of this District and has engaged in infringing conduct in this District, giving rise to the claims asserted herein. Exercise of jurisdiction over Defendant is appropriate and reasonable under the circumstances where employees of Defendant are actively infringing Plaintiff's patent rights at the 2026 New York Toy Fair.

9. This Court also has general jurisdiction over Defendant because it is physically present in this district as of the filing and service of this lawsuit and will be personally served with this Complaint and summons pursuant to Federal Rule of Civil Procedure 4(k). Service of process will be affected on Defendant by personal service within this District while Defendant is present in New York, in accordance with Federal Rule of Civil Procedure 4(h). To the extent Defendant is not subject to jurisdiction in any single state's courts of general jurisdiction, personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c)(3), because a substantial portion of the events or omissions giving rise to the claims occurred in this District and because Defendant is a foreign entity and may be sued in any District. Venue is also appropriate pursuant to 28 U.S.C. § 1400 and Federal Rule of Civil Procedure 4(k) because, *inter alia,* Defendant is a foreign based entity committing acts of patent infringement in this District and is being served with the summons and complaint while in this District.

## IV.   FACTS

### A.  Ty's Innovative Beanie Bouncers Toys

11. Starting in around January of 2024, Ty began developing a new product never before sold by any other toy company—a plush-covered bouncy ball with fanciful extremities and facial features. Ty applied for patent protection in the United States for this item in February of 2024. Ty's founder and CEO, Mr. Ty Warner, was directly involved in designing these new products. Ty Inc. kept the existence and potential designs of these products highly confidential, with only a handful of employees even knowing of the existence of this forthcoming product line.

12. Ty ultimately named its innovative product BEANIE BOUNCERS, and introduced these products at the Atlanta Market trade show in July of 2024. Ty has expended significant sums

4

to develop, advertise and promote this new product, including advertisements placed on the Las Vegas Sphere. Thus far, the BEANIE BOUNCERS have been a very successful product line for Ty. BEANIE BOUNCERS are the subject of much promotion, and are driving sales of Ty's products generally.

13. The first twelve BEANIE BOUNCERS sold by Ty appeared in the Fall 2024 Ty retailer catalog and look like this:



14. Since their introduction, Ty has expanded its BEANIE BOUNCERS product line to over 100 different styles, including many products based on licenses from Disney and Marvel, to name a few.

15. From the time Ty introduced BEANIE BOUNCERS in 2024, Ty has marked all individual BEANIE BOUNCERS to include the language "patent pending" on a sewn-in tag next to Ty's logo, as shown in the exemplary image below.



16. Upon the issuance of U.S. Patent No. 12,434,107, Ty began marking its products for sale in the United States with "U.S. Patent 12,434,107" on the hang tags, and all Ty's Beanie Bouncers products sold in the United States are now so marked.

**B.  United States Patent No. 12,434,107: "Bouncing Toy With Plush Exterior"**

17. On February 21, 2024, Ty filed United States Patent Application No. 18/583,565 ("the '565 application") with the United States Patent and Trademark Office (the "USPTO").  The named inventor is Ty Warner.

18. On October 7, 2025, the USPTO duly issued U.S. Patent No. 12,434,107 ("the '107 Patent"), titled "Bouncing Toy With Plush Exterior" from the '565 application.  A true and correct copy of the '107 Patent is attached hereto as Exhibit A.

19. Claim 1 of the '107 patent recites the following elements, which have been designated 1[a] through 1[e] for ease of reference:

- **1[a]** A toy comprising: an internal ball structure comprising a highly resilient material capable of bouncing off a surface;

- **1[b]** a plush fabric skin having a plush fabric exterior configured to completely cover the internal ball structure such that the plush fabric exterior does not significantly impact or dampen the ability of the internal bouncing ball structure to bounce when impacting a surface;

- **1[c]** extremities comprising a pliable fabric sewn on to the plush fabric exterior of the plush fabric skin, wherein the pliable fabric is chosen to prevent causing the toy to carom or ricochet off the extremities;

- **1[d]** facial features sewn over the plush fabric exterior of the plush fabric skin, wherein the facial features are configured to prevent dampening of a bounce of the toy; and

- **1[e]** wherein the diameter of the internal ball structure allows for the toy to be grippable by a child.

20. Ty holds all substantial rights and interests in and to the '107 Patent, including all rights to recover for all past, present, and future infringements thereof.

21. The '107 Patent is currently in full force and effect.

**C. Defendant's Infringing Products**

22. After a reasonable opportunity for further investigation or discovery, there will likely be evidentiary support that Defendant had and continues to have knowledge of BEANIE BOUNCERS' "patent pending" marking and was fully aware of Ty's patent and Ty's marking its patent-protected, innovative products upon their introduction and promotion.

23. Beginning on or around February 14, 2026, Defendant appeared at the New York Toy Fair at the Javits Convention Center in New York City, where, in competition with Ty, it has been displaying, marketing and selling bouncy plush toys similar to Ty's BEANIE BOUNCERS. Below is a photograph of a sample of the infringing products from the Defendants' Toy Fair Booth (hereinafter "Holly Infringing Products"):



24. Examination of the Holly Infringing Products showed that they are almost identical to Ty's Beanie Bouncers product in function, with very similar design elements.

25. Defendant has sold, offered for sale, and taken orders for its products at the New York Toy Fair, all in direct competition with Ty. Defendant's products not only look like Ty's products, but are of identical to the size of Ty's Beanie Bouncers products with all salient characteristics of Ty's products.

26. Ty's booth at the New York Toy Fair—where it marketed, offered for sale, and sold BEANIE BOUNCERS to numerous customers—was located in the same hall at the Javits Center and proximate to Defendant's booth, Booth No. 2971, where Defendant was selling its products such that potential customers of Ty and Defendant were exposed to both parties' competing products contemporaneously.

8

27. The Holly Infringing Products infringe at least Claim 1 of the '107 patent as shown below in Table 1:

**Table 1**

| Claim 1 Element |
|---|
| **1[a]** A toy comprising: <br><br> an internal ball structure comprising a highly resilient material capable of bouncing off a surface; <br><br> Examination of the Holly Infringing Products at New York Toy Fair showed a ball structure with nearly identical bounce characteristics to Ty's Beanie Bouncers products. |
| **1[b]** a plush fabric skin having a plush fabric exterior configured to completely cover the internal ball structure such that the plush fabric exterior does not significantly impact or dampen the ability of the internal bouncing ball structure to bounce when impacting a surface; <br><br> Examination of the Holly Infringing Products at New York Toy Fair showed a plush fabric exterior covering the internal ball that did not significantly impact or dampen the ability of the internal bouncing ball structure to bounce when impacting a surface, one example of which is shown below. <br><br>  |
| **1[c]** extremities comprising a pliable fabric sewn on to the plush fabric exterior of the plush fabric skin, wherein the pliable fabric is chosen to prevent causing the toy to carom or ricochet off the extremities <br><br> This is present in the Holly Infringing Product as shown in the photo above; |
| **1[d]** facial features sewn over the plush fabric exterior of the plush fabric skin, wherein the facial features are configured to prevent dampening of a bounce of the toy; <br><br> This is present in the Holly Infringing Product as shown in the photo above; and |

| Claim 1 Element |
|---|
| **1[e]** wherein the diameter of the internal ball structure allows for the toy to be grippable by a child |
| The Holly Infringing Products were observed at New York Toy Fair to be the same size as Ty's products, easily grippable by a child. |

## COUNT I
## PATENT INFRINGEMENT OF U.S. PATENT NO. 12,434,107

28. Ty restates and realleges each of the allegations set forth above and incorporates them herein.

29. As detailed above in Table 1, Defendant has infringed, directly or indirectly, and continues to infringe, at least Claim 1 of the '107 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the Holly Infringing Products.

30. On information and belief, Defendant was on notice that Ty's BEANIE BOUNCERS were subject to issued US patents at least as early as October 7, 2025, and knew or should have known that the copycat Holly Infringing Products would infringe what issued as the '107 Patent.

31. Defendant has been and is inducing infringement of one or more claims of the '107 Patent, including at least claim 1, by actively and knowingly inducing others to make, use, sell, offer for sale, or import the Holly Infringing Products that embody or use the invention claimed in the '107 Patent, including those identified above, in violation of 35 U.S.C. § 271(b).

32. Defendant has been and is inducing the infringement of the '107 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Holly Infringing Products identified above.

33. Defendant's inducing infringement has been, and continues to be knowing, intentional, and willful.

34. Defendant's acts of inducing infringement of the '107 Patent have caused and will continue to cause Ty damages for which Ty is entitled to compensation pursuant to 35 U.S.C. § 284.

35. Defendant's acts of inducing infringement of the '107 Patent have caused and will continue to cause Ty immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Ty has no adequate remedy at law.

36. Defendant has been and is contributing to the infringement of one or more claims of the '107 Patent, including at least claim 1 by selling or offering to sell the Holly Infringing Products, knowing them to be especially made or especially adapted for practicing the invention of the '107 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

37. Defendant has been and is contributing to the infringement of the '107 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, the Holly Infringing Products.

38. Defendant's contributory infringement has been, and continues to be knowing, intentional, and willful.

39. Defendant's acts of infringement have caused damage to Ty, and Ty is entitled to recover from Defendant damages sustained because of Defendant's infringement of the '107 Patent, including enhanced damages for Defendant's willful infringement.

40. Defendant's acts of infringement have been willful, as Defendant has and continues to commit infringing acts with full knowledge that Ty's BEANIE BOUNCERS have always been patent-protected since at least as early as October 7, 2025.

41. Defendant's acts of infringement have caused, and will continue to cause, irreparable harm to Ty.

## PRAYER FOR RELIEF

WHEREFORE, Ty prays for relief as follows:

1. Award a judgment in favor of Ty that Defendant has willfully infringed the '107 Patent.

2. Award Ty preliminary and permanent injunctions enjoining Defendant, its agents, servants, and employees, and all those in privity with Defendant or in active concert and participation with Defendant, from engaging in acts of infringement of the '107 Patent.

3. Award Ty past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the '107 Patent in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284.

4. Award Ty attorneys' fees and costs.

5. Award Ty any such other relief as the Court deems appropriate.

## JURY DEMAND

Ty Inc. hereby demands a jury trial on all issues triable of right by a jury.

Dated: February 16, 2026                **HUSCH BLACKWELL LLP**

By: */s/Mark Bhuptani*

Mark Bhuptani (NY 5926183)
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Ave., NW, Suite 1000
Washington, D.C. 20006
(202) 378-9310
Mark.Bhuptani@huschblackwell.com

J. Aron Carnahan (IL 6242642)
Husch Blackwell LLP
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
(312) 655-1500
aron.carnahan@huschblackwell.com
*(Pro hac vice application forthcoming)*

Attorneys for Plaintiff Ty Inc